**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4730-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT A. TERC,

    Defendant-Appellant.

_____

> Submitted May 31, 2018 — Decided July 9, 2018
>
> Before Judges Nugent and Currier.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Morris County, Indictment No.
> 11-05-0536.
>
> Joseph E. Krakora, Public Defender, attorney
> for appellant (Craig S. Leeds, Designated
> Counsel, on the brief).
>
> Fredric M. Knapp, Morris County Prosecutor,
> attorney for respondent (Erin Smith Wisloff,
> Supervising Assistant Prosecutor, on the
> brief).

PER CURIAM

    Defendant Robert A. Terc appeals from the denial of his

petition for post-conviction relief (PCR). After reviewing the

contentions in light of the record and applicable legal principles, we affirm.

Defendant was charged in an indictment with two counts of first-degree attempted murder, N.J.S.A. 2C:5-1(a)(1) and N.J.S.A. 2C:11-3(a)(1); two counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); two counts of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); two counts of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7); two counts of second-degree burglary, N.J.S.A. 2C:18-2(a)(1) and N.J.S.A. 2C:18-2(b)(1); one count of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); one count of fourth-degree possession of a weapon for an inappropriate purpose, N.J.S.A. 2C:39-5(d); and one count of fourth-degree possession of an imitation firearm for an unlawful purpose, N.J.S.A. 2C:39-4(e).

The charges arose out of the stabbing of defendant's former girlfriend and her male friend. A jury found defendant guilty on all counts of the indictment. He was sentenced to an aggregate twenty-five year term of imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's convictions in the direct appeal. State v. Terc, No. A-2674-11 (App. Div. Apr. 1, 2014) (slip op. at 31).

Defendant filed a petition for PCR in 2016. He asserted trial counsel provided ineffective representation by failing to:

prepare defendant to testify, object to the introduction of certain evidence, challenge one of the jurors, subpoena a fact witness, request a self-defense jury charge, and request a change of venue. Defendant contended appellate counsel failed to argue on appeal that certain evidence was overly prejudicial and, therefore, improperly admitted. After hearing defendant's arguments, Judge Thomas J. Critchley, Jr. denied the PCR petition without an evidentiary hearing.

The following issues are raised on appeal:

> POINT I: DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS AND THE LOWER COURT ERRED IN CONCLUDING OTHERWISE.
>
> POINT II: DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.
>
> POINT III: DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF POST CONVICTION RELIEF COUNSEL (not raised below).
>
> POINT IV: THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE TRIAL UNFAIR.
>
> POINT V: THE LOWER COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by

our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

Judge Critchley considered all of defendant's arguments in a comprehensive oral decision. We are satisfied from our review of the record that defendant failed to meet his burden of proof to establish an ineffectiveness of trial and appellate counsel within the Strickland-Fritz test and conclude that defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We, therefore, affirm substantially for the reasons stated in Judge Critchley's well-reasoned opinion and add only the following brief comments.

There is no support for defendant's contention he was coerced by counsel not to testify at trial. To the contrary, the trial judge asked counsel, on two occasions, whether he discussed with

defendant the right to testify. Counsel responded he discussed the issue with his client, and added: "We spoke a great deal about it." The court inquired the following day again whether defendant intended to testify. At no point during either of these colloquies did defendant contradict his counsel or advise he wished to testify or was uninformed of his rights.[1]

Defendant's criticism of appellate counsel also lacks merit. A trial judge's decision to admit photographs into evidence rests within his discretion, and "will not be reversed in the absence of palpable abuse." State v. Rose, 112 N.J. 454, 535–36 (1988) (quoting State v. Thompson, 59 N.J. 396, 420 (1971)). Defendant has not demonstrated that appellate counsel was ineffective for failing to raise an issue where the issue was not error.

There was also overwhelming evidence to support the convictions. The victims, who were asleep at the time of the initial stabbing, testified as to what was occurring upon awakening, and subsequently, including their struggle with defendant. The victims' blood was found on defendant when he was apprehended in the woods a short distance from the scene of the

---

[1] Defendant asserts on appeal he was not prepared by trial counsel to testify regarding his claim of self-defense. However, we determined in the direct appeal that self-defense was not available to defendant in light of the presented evidence. Terc, slip op. at 19–20.

attack. As Judge Critchley noted, "it's hard to know what an attorney could have done differently. And . . . I find that nothing . . . could have been done that would have altered these fundamental facts."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4730-16T1